UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GINGER L. SPURRIER, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 2:16-cv-00151-RDP |
| | } |
| THE BOARD OF TRUSTEES OF THE | } |
| UNIVERSITY OF ALABAMA; et al., | } |
| | } |
| Defendants. | } |

## MEMORANDUM OPINION

### I.   Introduction

This case is before the court on Defendants The Board of Trustees of the University of Alabama's ("the Board"), Donna J. Kerns's, and William D. Jordan, Jr.'s Motions to Dismiss Plaintiff's complaint (Doc. Nos. 6, 7), and Defendant Ray L. Watts's Partial Motion to Dismiss (Doc. # 8), filed on March 4, 2016.  Plaintiff filed a Response in Opposition (Doc. No. 13) on March 14, 2016.  Defendants then filed a Reply in Support of the Motion (Doc. Nos. 14, 15). Accordingly, the Motion is ripe for decision.  After careful review, the court concludes the Board's Motion is due to be granted, the Defendants Kerns's and Jordan's Motions are also due to be granted regarding Plaintiff's claims against them in their official capacities and their individual capacities.  Defendant Watts's Partial Motion is due to be granted.

### II.   Procedural History and Defendants' Arguments

Plaintiff filed her Complaint on January 27, 2016, seeking relief for violations of her rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, et seq. ("FMLA").  (Doc. No. 1, p. 2).  Defendants responded by filing this motion to dismiss pursuant

to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. Nos. 6, 7, 9). "When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferably approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion." *Jones v. State of Ga.*, 725 F.2d 622, 623 (11th Cir. 1984).

      **a.**      **12(b)(1) Motion to Dismiss**

Challenges to subject matter jurisdiction under Rule 12(b)(1) can exist in two different forms: facial attacks and factual attacks. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). When presented with a facial attack on a plaintiff's complaint, a court determines whether the complaint has sufficiently alleged subject-matter jurisdiction. *Sinaltrainal*, 578 F.3d at 1260. The court proceeds as if it were evaluating a Rule 12(b)(6) motion, views the complaint in the light most favorable to the plaintiff, and accepts any well-pled facts alleged in the complaint as true. *Id*.

Factual attacks, on the other hand, question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). When a court is confronted with a factual attack, the standard of review diverges.

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to [P]laintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)).

In this case, Defendants have not specified which attack they make against Plaintiff's Complaint. Rather, they only have stated that the court does not have subject matter jurisdiction because of Eleventh Amendment immunity. (*See generally*, Doc. Nos. 6, 7, 8).

Plaintiff disagrees. She claims the court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. (Doc. No. 1). Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1343 allows for district courts to hear cases:

> (3)  To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
> (4)  To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a)(3)-(4). Plaintiff has sued Defendants under the FMLA, a federal statute. (Doc. No. 1). In order to determine its jurisdiction, the court must analyze whether Plaintiff has alleged viable claims under the FMLA. Thus, the court begins by examining Defendants' 12(b)(6) arguments to determine whether she can assert a cause of action against Defendants under the FMLA.[1]

    b.    **Defendant's 12(b)(6) Motion to Dismiss**

"A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. United States Postal Service*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996). Thus, for purposes of resolving this Motion, the court treats the following facts alleged in the Complaint as true.

---

[1] For the reasons explained below, the resolution of Defendant's Rule 12(b)(6) motion also resolves their Rule 12(b)(1) motion.

In September 2013, Plaintiff requested FMLA leave for required shoulder surgery. (Doc. No. 1). Plaintiff requested leave beginning on September 6, 2013, the date of her surgery. (*Id.*). She was then released to return to work by her doctor on September 30, 2013. (*Id.*). Prior to her medical leave, Plaintiff had received above average to outstanding employment evaluations from her supervisor, Defendant Kerns. (*Id.*). When Plaintiff attempted to return to work from FMLA leave, Defendant Kerns denied her request to return. (*Id.*). Plaintiff was allowed to return by UAB Personnel Generalist Paulette Maddox, but alleges that Defendants Kerns and Jordan attempted to have Plaintiff terminated. (*Id.*).

When Plaintiff returned to work, she was given a work load that was virtually impossible to complete because the only other individual who could have done Plaintiff's work while Plaintiff was on leave, Defendant Kerns, refused to do the work. (Doc. No. 1). On December 31, 2013, Plaintiff was given a written memorandum which imposed a ninety-day probation. (*Id.*). Included in the written memo were false allegations. (*Id.*). Also, Plaintiff was held responsible for time periods of non-performance that included certain days when she was on medical leave.

After these events, Plaintiff's room leader reported that Plaintiff's workload was excessive and Plaintiff was being treated unfairly. (Doc. No. 1). On January 27, 2014, after complaining to Human Resources about Defendant Kerns' harassment, Plaintiff was presented with a termination memorandum. (*Id.*).

After her termination, a hearing was held to allow Plaintiff to formally object to her termination. (Doc. No. 1). Plaintiff's termination was upheld. (*Id.*). Plaintiff then appealed to Defendant Watts, but he also upheld her termination. (*Id.*). Finally, Defendant Kerns attempted to terminate the position of another employee who was absent for similar medical reasons. (*Id.*).

Plaintiff thereafter filed this lawsuit, seeking reinstatement, damages, injunctive relief, court costs, punitive damages, and any other equitable relief she is entitled to under the self-care provision of the FMLA.  (Doc. No. 1).  Plaintiff is suing the Board of Trustees, and the individual Defendants in both their official and individual capacities.  (*Id.*).  The Board argues that all claims against it should be dismissed on sovereign immunity and state immunity grounds.  (Doc. No. 6).  Defendants argue that the official capacity claims should be dismissed on sovereign immunity grounds in their entirety as to Kerns and Jordan, and partially as to Watts, while the individual capacity claims should be dismissed because, in their individual capacities, they do not meet the definition of an "Employer" under the FMLA.  (Doc. Nos. 6, 7, 8, 14, 15).

### III.     Standard of Review

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  However, the complaint must include enough facts "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations.  *Twombly*, 550 U.S. at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party.  *Watts v. Fla. Intl. Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

5

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Candield, Paddock & Stone, PLC*, 413 Fed. Appx. 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Twombly*, 550 U.S. at 556. Further, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682). If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 556.

**IV.   Analysis**

The parties' briefing has addressed three broad issues: (1) whether, consistent with the law regarding Eleventh Amendment Immunity, the Board may be sued for prospective injunctive relief (Doc. No. 13, p. 10; Doc. No. 15, p. 10); (2) whether the Individual Defendants are shielded by Sovereign Immunity when sued in their official capacities (Doc. No. 13, pp. 9-10;

Doc. No. 14, p. 5; Doc. No. 15, p. 8); and (3) whether the Individual Defendants are subject to suit under the FMLA in their individual capacities. (Doc. No. 13, p. 4.; Doc. No. 14, p. 5; Doc. No. 15, p. 2). If the answer to any of these questions allows for any Defendant to be sued, the court will analyze whether Plaintiff has alleged plausible facts that shows she is entitled to relief.

> a.  **The Board of Trustees is Immune Under the Eleventh Amendment and State Sovereign Immunity**

Under the Eleventh Amendment to the United States Constitution, states are entitled to immunity from suit in federal court unless they waive their immunity, or a superseding federal act abrogates it. U.S. Const. amend. XI; *see, e.g.*, *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-73 (2000). The Eleventh Amendment also bars a state citizen from bringing suit against an "arm of the State." *Versiglio v. Bd. of Dental Exam'rs*, 686 F.3d 1290, 1291 (11th Cir. 2011). Without question, the Board is a state agency. *Cox v. Bd. of Trustees of Univ. of Ala.*, 161 Ala. 639, 648 (Ala. 1909); *Eubank v. Leslie*, 210 F. Appx. 837, 844 (11th Cir. 2006).

The State of Alabama has not consented to suit in federal court. Ala. Const., art. I, § 14 ("the State of Alabama shall never be made a defendant in any court of law or equity."). Thus, in order for Plaintiff to prosecute her case against the Board, the FMLA must allow the State of Alabama and its agents to be sued in federal court. The United States Supreme Court has held that "[i]n agreement with every Court of Appeals to have addressed this question, this Court now holds that suits against States [under the self-care provision of the FMLA] are barred by the States' immunity as sovereigns in our federal system." *Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327, 1334 (2012) (plurality opinion).

The Supreme Court's decision in *Ex parte Young*, 209 U.S. 123 (1909) created an exception to the State Sovereign Immunity Rule, allowing a plaintiff who seeks prospective injunctive relief to end continuing violations of federal law to sue state officers. However, the

*Young* exception applies only to "suits seeking declaratory and injunctive relief against state officers in their official capacities." *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 269 (1997). The exception "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

The Alabama Constitution, the FMLA, and various Supreme Court decisions preclude any path forward for Plaintiff to pursue her claims against the Board. As a state agency, the Board is entitled to its Sovereign Immunity as to Plaintiff's claim against it.

### b. The Claims Against Defendants Kerns and Jordan in Their Official Capacities Are Due To Be Dismissed, and the Money Damages Claims against Watts in his Official Capacity Are Due To Be Dismissed

The Eleventh Amendment's bar to suit remains in effect when a state official is sued for damages in her official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). This is because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against" the state. *Jude v. Morrison*, 534 F. Supp. 2d 1365, 1370 (N.D. Ga. 2008) (quoting *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)). Both Defendants Jordan and Kerns argue they cannot be sued in their official capacities because they no longer hold their positions (and did not hold those positions as of the date the Complaint was filed). (Doc. Nos. 7, 10; *see also* Doc. No. 1 at ¶ 1 ("Donna Kerns, R.N., *former* Research Nurse Manager . . .; and William D. Jordan, Jr., M.D., *former* Professor and Director. . . .") (emphases added)). Thus, they assert they *used* to have an official capacity, they no longer do, and Plaintiff's official capacity claims against them are due to be dismissed because they no longer can implement any relief (or comply with court ordered relief) as officials.[2]

---

[2] Of course, even if Defendants Kerns and Jordan were still in their official capacities, they are immune from suit for money damages under the Eleventh Amendment.

The Supreme Court has made clear that the Eleventh Amendment bars federal courts from entertaining suits by private parties against states. *Alden v. Maine*, 527 U.S. 706, 752 (1999). Generally, Eleventh Amendment immunity also extends to state officials sued in their official capacity because in such a case the state is the real party in interest. *Graham*, 473 U.S. at 165-66. The Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief against a state official. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03 (1984) (quoting *Edelman v. Jordan*, 415 U.S. 651, 664 (1974)) ("We recognized that the prospective relief authorized by *Young* 'has permitted the Civil War Amendments to the Constitution to serve as a sword, rather than merely a shield, for those whom they were designed to protect.'"); *see also Ex parte Young*, 209 U.S. 123 (1908). But there is no authority for enjoining a *former* state official. Plaintiff requests prospective or injunctive relief, including reinstatement. (Doc. # 1). But at this point, it would be impossible for Kerns and Jordan to implement any prospective relief (including reinstatement) ordered by the court. Therefore, the claims for damages and prospective relief asserted against Kerns and Jordan are due to be dismissed.

Defendant Watts is still the president of the University of Alabama at Birmingham. Thus, while he is immune from suit for money damages under the Eleventh Amendment, he does not contest Plaintiff's claims for prospective injunctive relief against him in his official capacity. (*See* Doc. # 8). Plaintiff's claims for reassignment and other prospective injunctive relief against Watts in his official capacity are viable at this stage of the action and are due to remain in this case.[3] *See Kicklighter v. Goodrich*, -- F. Supp. 3d --, 2016 WL 722157, at *5 (S.D. Ga. Feb. 19,

---

[3] The court is aware that certain prospective injunctive relief may only be granted when there are continuing violations of federal law. *See, e.g.*, *Wood v. Dixon*, No. 13-cv-278, 2013 WL 6183143, at *3 (S.D. Ala. Nov. 26, 2013) ((holding that *Young* prospective injunctive relief applies only to continuing violations of federal law); *Green v. Mansour*, 474 U.S. 64, 68 (1985). The continuing violation doctrine is applicable when a plaintiff

2016), *appeal docketed*, No. 16-14869 (11th Cir. July 6, 2016) (citing *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995) (claim for reinstatement against defendant in official capacity not barred by Eleventh Amendment); *see also Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 321-22 (5th Cir. 2008) (FMLA claim for reinstatement against state official cognizable under *Young*); *accord Crugher v. Prelesnik*, 761 F.3d 610, 615-17 (6th Cir. 2014) (same).

### c. The Individual Defendants in Their Individual Capacities are Not "Employers" under the FMLA

In *Wascura v. Carver*, the Eleventh Circuit held "that a public official sued in his or her individual capacity is not an 'employer' under the FMLA, and therefore there is no federal subject matter jurisdiction over such a claim." 169 F.3d 683, 687 (11th Cir. 1999). In responding to Defendants' Motions, Plaintiff directs the court's attention to the definition of "public official" under Alabama law, and argues that the Defendants Watts, Kerns, and Jordan here do not qualify as "public officials" under that law. The court disagrees. The *Wascura* decision is Circuit precedent and binding on this issue.

In *Wascura*, the court relied on its prior decision in *Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995), an FLSA case, to reach the conclusion that public officials are not employers under the FMLA. In *Welch*, the issue was whether the Sheriff was an "employer" (as that term is defined under the FLSA) in both his official and individual capacities. *Welch*, 57 F.3d at 1011. The Eleventh Circuit recognized that the Sheriff was an "employer" in his official capacity, but not in his individual capacity. As the Eleventh Circuit explained, in his individual capacity,

---

requests general injunctive relief that equates to, essentially, a court-ordered directive that a defendant obey the law. For example, in *Wood*, which adopted a magistrate judge's report and recommendation, the plaintiff's complaint requested unclear, general prospective injunctive relief under the Age Discrimination in Employment Act. *See* 2013 WL 6183143, at *1. The objection to the recommendation involved an assertion that the complaint should be construed to request reinstatement. *Id.* Here, the Plaintiff expressly requests reinstatement in addition to general injunctive relief. Whether she is entitled to that relief is not an issue that can be resolved on this motion.

"Sheriff Laney had no control over [the plaintiff's] employment and [therefore did] not qualify as [an] employer under the Act." *Id.* In *Wascura,* the Eleventh Circuit held that the term "employer," which is defined the same way in the FLSA and the FMLA, should be interpreted the same way it was in the *Welch* decision. *Wascura*, 169 F.3d at 687.

Here, just as in *Welch*, Defendants, in their individual capacities, had no control over Plaintiff's employment. It is only within the scope of their official duties with a public institution (*i.e.*, within their official capacities) that they could exercise that type of control. Therefore, logic and the law – that is, the binding nature of *Welch* and *Wascura* -- dictate that public officials sued in their individual capacities are not "employers" under the FMLA. *See also Casey v. City of Glencoe, Ala.*, 2015 WL 1085039, at *3 (N.D. Ala. Mar. 11, 2015) (recognizing that not all circuits have reached the same conclusion as the Eleventh Circuit on the liability of public officials in their individual capacities for FMLA violations, but recognizing and applying *Wascura* as binding precedent). Under *Welch* and *Wascura,* this court does not have jurisdiction over Plaintiff's FMLA claims against the individual Defendants. Those claims are due to be dismissed.

## V.    Conclusion

For these reasons, the court concludes that Defendants The Board of Trustees of the University of Alabama's, Donna J. Kerns's, and William D. Jordan, Jr.'s Motions to Dismiss are due to be granted (Docs. No. 6, 7, 10), and Defendant Ray L. Watts's Partial Motion to Dismiss (Doc. # 8) is due to be granted. A separate order shall be entered.

**DONE** and **ORDERED** this August 4, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE